218

No. 19,383.

SAM N. BEERY, ETC., ET AL. *v.* HOMESTEADERS
LIFE COMPANY.
(361 P. [2d] 127)

Decided April 17, 1961.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK
E. HICKEY, Deputy, Mr. JOHN E. BUSH, Assistant, for
plaintiffs in error.

Messrs. DAWSON, NAGEL, SHERMAN & HOWARD, Mr. ARTHUR K. UNDERWOOD, JR., Mr. HUGH A. BURNS, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

PLAINTIFF in error will be referred to as the commissioner and defendant in error as Homesteaders.

The commissioner collected taxes on certain insurance premiums received by Homesteaders on certificates issued while it was a fraternal benefit society doing business in the State of Colorado. The premiums in question, upon which the commissioner levied and collected a tax, were all paid to and received by Homesteaders on certificates issued prior to its reorganization into a mutual life insurance company. The taxes were paid under protest. Homesteaders brought the action to recover the taxes thus paid, asserting that pertinent Colorado statutes exempted the premiums paid upon the certificates issued by it while it was functioning as a fraternal benefit society. The trial court found the issues in favor of Homesteaders and entered judgment in its favor. The commissioner seeks review by writ of error.

While operating as a fraternal benefit society Homesteaders was licensed to do business in Colorado and issued term, life endowment, and annuity certificates in accordance with the powers conferred upon it by the laws of the State of Iowa.

Since Homesteaders reorganized and became a mutual life insurance company no fraternal benefit certificates have been issued. It has, however, continued the insurance protection represented by certificates issued prior to the reorganization, and in connection therewith maintains separate accounts for its old fraternal business. Following reorganization it abandoned the lodge system

with ritualistic work, as well as the representative form of government by which its business had been conducted as a fraternal benefit society.

### Question to be Determined.

*Where a fraternal benefit society has reorganized and becomes a mutual life insurance company, has abandoned its lodge system and ritualistic work and discontinued its representative form of government, is it obligated to pay taxes on the gross premiums received by it following reorganization, on the old certificates issued as a fraternal benefit society?*

■ The question is answered in the affirmative. C.R.S. '53, 72-1-14, after declaring that all insurance companies shall pay a tax of two per cent on the gross amount of all premiums received by it on policies or contracts issued within this state, provides, inter alia:

"* * * All fraternal and benevolent associations now or hereafter organized under the laws of this state and doing business in this state, and all purely mutual fire insurance companies organized and operated under the laws of this state shall be exempt from the provisions of this section. * * *" C.R.S. '53, 72-7-33 provides:

"Every fraternal benefit society organized or licensed under this article is hereby declared to be a charitable and benevolent institution and all of its funds shall be exempt from all and every state, county, district, municipal and school tax, other than taxes on real estate and office equipment." 72-7-1 provides:

"Any corporation, society, order or voluntary association without capital stock organized and carried on solely for the mutual benefit of its members and their beneficiaries, and not for profit, *and having a lodge system with ritualistic form of work and representative form of government, and which shall make provision for the payment of benefits in accordance with section 72-7-5, is hereby declared to be a fraternal benefit society.*" (Emphasis supplied.)

The term "lodge system" is defined in C.R.S. '53, 72-7-2 as follows:

"Any society having a supreme governing or legislative body and subordinate lodges or branches by whatever name known, into which members shall be elected, initiated and admitted in accordance with its constitution, laws, rules, regulations, and prescribed ritualistic ceremonies, which subordinate lodges or branches shall be required by the laws of such society to hold regular or state meetings at least once in each month, shall be deemed to be operating on the lodge system."

The term "representative government" is defined in 72-7-3 and reads:

"Any such societies shall be deemed to have a representative form of government when it shall provide in its constitution and laws for a supreme legislative or governing body, composed of representatives elected either by the members or by the delegates elected, directly or indirectly by the members, together with such other members as may be prescribed by its constitution and laws. The elective members shall constitute a majority in number and have not less than two thirds of the votes, nor less than the votes required to amend its constitution and laws. * * *"

Under specific statutes in other states, courts of last resort have reached different conclusions as to whether upon reorganization from a mutual benefit society to another type of insurance business the old certificates and the premiums due thereon continue to be exempt from payment of taxes. Some of these decisions are distinguishable from the conclusion we reach because of varying statutory provisions; others are distinguishable upon the facts.

We adhere to the rule adopted in the State of Wisconsin. In *Lutheran Mutual Life Insurance Co. v. State,* 242 Wisc. 598, 9 N.W. (2d) 82, it was held that where a foreign insurance company licensed to transact life insurance business in Wisconsin assumed liability on

fraternal society certificates issued prior to the company's reorganization as an old line life insurance company, and in connection with that business received the annual premiums accruing on such certificates, the amount so received was properly included in the statutory base for computation of the annual tax or license fee.

In *International Service Union Company v. People,* 101 Colo. 1, 70 P. (2d) 431, we find the following:

"Since it is stipulated that there are no social, benevolent, charitable or fraternal features in the organization or operation of the corporation, and since it has no lodge system, it is excluded from the insurance laws relating to fraternal benefit societies; * * *"

The general assembly of this state has imposed a tax upon gross premium income of insurance companies. It has provided that fraternal and benevolent corporations shall be exempt from that tax. It has defined and declared that fraternal benefit societies are those which have a lodge system with a ritualistic form of work and representative form of government. It has clearly defined what is meant by "lodge system" and "representative government."

Since the reorganization in 1948, Homesteaders has not had a lodge system; it has not had a representative form of government; nor has it performed any ritualistic work. These are requirements essential to a status that would exempt it from the tax under discussion.

The judgment is reversed with directions to dismiss the action.

Mr. Justice Doyle and Mr. Justice McWilliams concur.